Filed 7/21/23  P. v. Findlay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C096373 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20213606) |
| v. | |
| SANDER IAN FINDLAY, | |
| Defendant and Appellant. | |

A jury found defendant Sander Ian Findlay guilty of carrying a concealed dirk or dagger.  The trial court found true the allegations that defendant was armed or used a weapon at the time of the crime; that defendant was on probation in numerous other cases at the time of the crime; and that defendant's prior performance on probation was not satisfactory.  The trial court granted defendant probation for two years and ordered probation reinstated as to all other matters.  On appeal, defendant contends:  (1) the evidence presented at trial was insufficient to support his conviction; and (2) the trial

1

court abused its discretion by admitting prior act evidence of defendant threatening to stab his neighbors. We will affirm the judgment.

## I. BACKGROUND

On December 24, 2021, police officers were dispatched to a liquor store in Davis in response to a complaint that a man was attempting to steal alcohol and refusing to leave the business. Upon arrival, Officer Sandeep Maan saw defendant inside the entrance of the store. Officer Maan asked defendant to step outside, which defendant initially said he could not do because he had merchandise in his pocket. At some point, Officer Nicholas Burke also arrived onto the scene. The officers handcuffed and searched defendant and found an unopened beer can in his pants pocket. During the search, defendant informed the officers he had a folding knife in his pocket but stated, "it won't poke you, though, it's folded." Officer Maan located the knife in defendant's right jacket pocket, locked in the open position. Defendant did not respond when Officer Burke informed defendant that the knife was open.

Defendant was charged with carrying a concealed dirk or dagger. (Pen. Code, § 21310.)[1] It was further alleged, as circumstances in aggravation, that: defendant was armed with or used a weapon at the time of the commission of the crime (Cal. Rules of Court, rule 4.421(a)(2));[2] defendant was on probation when the crime was committed (rule 4.421(b)(4)); and defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)).

At trial, defendant testified that he believed the folding knife was closed in his pocket when he was apprehended. He said the knife was for "hygienic applications," such as cleaning his nails. He further claimed that he did not intend to commit a crime.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule citations are to the California Rules of Court.

Rather, defendant claimed he wanted to be detained for a probation violation to avoid sleeping outside in the cold. As a term of his probation, defendant could not possess alcohol, or dangerous or deadly weapons. On cross-examination, defendant said, "I do understand that a knife is capable of inflicting bodily harm," and he acknowledged that a knife can cause serious bodily injury or death. He also acknowledged that the pocketknife found on him was in fact a knife and was not dull. Defendant testified that when opening the blade into the locked position, there is an "audible snap," and that you have to engage the locking mechanism to close the blade. Officer Maan testified that the blade, which was shown to the jury, was sharp and capable of inflicting serious injury. Officer Maan also demonstrated how the blade could not be closed without releasing the locking mechanism in the handguard. The knife's blade was two inches long.

Three videos were admitted into evidence at trial.[3] Two of the videos were Officer Maan's and Officer Burke's bodycam footage showing them discovering the open knife in defendant's pocket. The third video, which was admitted over defense counsel's objection, is from a prior arrest of defendant on January 19, 2021. In that video, defendant tells the arresting officer he is going to stab his neighbors: "What I'm

---

[3] The video exhibits transmitted by the trial court were not viewable as the video files had been corrupted. The trial court was unable to transmit viewable copies of these exhibits. The Office of the Attorney General subsequently submitted three videos to this court that were obtained directly from the prosecutor in this case. The Attorney General was confident the videos submitted were the same as the video exhibits shown to the jury, though they did not bear markings as such. This court provided defendant with a copy of the three videos and the parties were given an opportunity to object to augmenting the record with these videos. No objections were lodged, and this court ultimately augmented the record to include the three videos submitted by the Attorney General. This court shares the Attorney General's confidence that the videos were the same as those shown to the jury as they are consistent with the testimony of what occurs in each video. Moreover, though none of the videos transmitted by the trial court could be viewed, two of the video exhibits could be opened, and those videos were the same length as the corresponding videos submitted by the Attorney General.

going to do is kick in their door and I'm going to stab all of them in the face. . . .  I'm going to take a knife, a very stable knife, and I'm going to stab them all."  Defendant then proceeds to curse at the arresting officer.  Defendant is naked in the video but covered with a blanket and possibly intoxicated.

The jury was instructed that defendant's statements from this video were to be used for the limited purpose of showing that "defendant knew that the dirk or dagger could readily be used as a stabbing weapon," that the evidence was to be used for no other purpose, and that the jury should not conclude from the video that defendant has a bad character or is predisposed to commit crimes.  In closing arguments, the prosecution emphasized that defendant's statements could be used to establish the requisite knowledge but not for an improper purpose.  The prosecution also argued that defendant intended to violate his probation by being discovered with the open pocketknife, which is why he informed the officers the knife was in his pocket.

The jury found defendant guilty of concealing a dirk or dagger and the trial court found true the alleged circumstances in aggravation.  The court granted defendant probation for two years and ordered probation reinstated as to all other matters.

## II.  DISCUSSION

### A.    *Sufficiency of the Evidence*

Defendant argues the evidence presented at trial was insufficient to establish guilt, and therefore the verdict violated his due process rights.  More specifically, defendant maintains that "no reasonable trier of fact could have found beyond a reasonable doubt that [he] knew the small pocket[]knife could be used as a stabbing weapon that could inflict great bodily injury or death under the circumstances of this case."  We reject defendant's argument.

A defendant bears a "massive burden" when claiming insufficiency of the evidence because our role on appeal is a limited one.  (*People v. Akins* (1997) 56 Cal.App.4th 331, 336.)  "In reviewing the sufficiency of the evidence to support a

criminal conviction, we review the record ' "in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' [Citation.] We do not reweigh the evidence or revisit credibility issues, but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence." (*People v. Pham* (2009) 180 Cal.App.4th 919, 924-925.) "Reversal . . . is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Section 21310 prohibits a person from carrying a concealed dirk or dagger. A "dirk" or "dagger" is defined as "a knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death." (§ 16470.) A "pocketknife is capable of ready use as a stabbing weapon that may inflict great bodily injury or death only if the blade of the knife is exposed and locked into position." (*Ibid*.) Our Supreme Court has explained, under a prior version of section 21310,[4] "the intent to use the concealed instrument as a stabbing instrument is *not* an element of the crime of carrying a concealed dirk or dagger." (*People v. Rubalcava* (2000) 23 Cal.4th 322, 331 (*Rubalcava*).) That said, "a defendant must still have the requisite *guilty mind*: that is, the defendant must knowingly and intentionally carry concealed upon his or her person an instrument 'that is capable of ready use as a stabbing weapon.' [Citation.] A defendant who does not know that he is carrying the weapon or that the concealed instrument may be used as a stabbing weapon is therefore not guilty of violating" the statute. (*Id*. at p. 332.) CALCRIM No. 2501, as given to the jury in this case, provides: "When deciding whether the defendant knew the object could be used as

_____

[4] Former section 12020, subdivision (a)(4) is now section 21310, and former section 12020, subdivision (c)(24) is now section 16470, without relevant change.

5

a stabbing weapon, consider all the surrounding circumstances, including the time and place of possession. Consider also the destination of the defendant, the alteration of the object from standard form, and other facts, if any." This instruction should be provided "only if [the object at issue] may have innocent uses." (CALCRIM No. 2501.)

Defendant argues the evidence did not establish his knowledge that he was carrying a dirk or dagger that could readily be used as a stabbing weapon. In support, defendant points to his statement at the time of his arrest, that the knife "won't poke you, though, it's folded," and his trial testimony that when he was arrested, he believed the knife was closed. But the jury was not required to credit defendant's assertions and could have reasonably found, based on the surrounding circumstances, that defendant knew the folding knife was open and knew it could be used as a stabbing weapon. Given the size and rigidity of the knife when opened, the jury could have concluded that defendant would have felt whether the knife was open or closed in his pocket. The jury could have also reasonably found that the knife did not open accidentally because the knife audibly clicks when locked open, and thus defendant must have intentionally opened it and placed it in his pocket. Further, defendant admitted he was trying to be detained for violating his probation. One term of his probation was that he was not permitted to possess dangerous or deadly weapons. The jury could have therefore concluded that defendant sought to violate his probation by being discovered with an open pocketknife—a possibility the prosecution raised in closing argument. Defendant also conceded in his testimony that a knife could cause serious bodily injury and that his pocketknife was not dull. In light of these circumstances, the jury could have found implausible defendant's claims that he did not know his knife was open and that the knife

6

only had hygienic applications.[5]  Accordingly, we find the evidence sufficient to have convinced the jury of defendant's guilt beyond a reasonable doubt.

B.      *Admissibility of Prior Uncharged Conduct*

Defendant next argues the trial court erred in admitting evidence of defendant's prior uncharged conduct from his arrest on January 19, 2021, because it was impermissible propensity evidence and because its probative value was substantially outweighed by the other Evidence Code section 352 factors.  We disagree.

Evidence Code section 1101, subdivision (a) " 'expressly prohibits the use of an uncharged offense if the only theory of relevance is that the accused has a propensity (or disposition) to commit the crime charged and that this propensity is circumstantial proof that the accused behaved accordingly on the occasion of the charged offense.' " (*People v. Chhoun* (2021) 11 Cal.5th 1, 25.)  Notwithstanding this prohibition, "Evidence Code section 1101[, subdivision ](b) provides for the admissibility of uncharged acts based on noncharacter theories.  Evidence of prior conduct is admissible when relevant to demonstrate a fact other than disposition to commit a crime, 'such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.' " (*People v. Clark* (2021) 62 Cal.App.5th 939, 957.)  The other requirements for admissibility must also be met—specifically, "the uncharged act must be relevant to prove a fact at issue

---

[5]  Defendant points to cases that have suggested, in dicta, there may be potential limitations to section 21310's application where the defendant possesses an instrument for an innocent purpose or in accordance with its ordinary legitimate design. (See *People v. Hester* (2020) 58 Cal.App.5th 630, 638; *People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1372.)  But defendant identifies no case applying this as a defense, and our Supreme Court has made clear that, under this statute, a "defendant's intended use of the instrument is neither an element of the offense *nor a defense*." (*Rubalcava, supra*, 23 Cal.4th at p. 334, emphasis added.)  Further, no evidence was adduced at trial pertaining to the "ordinary legitimate design" of defendant's pocketknife, and the jury was properly instructed under CALCRIM No. 2501 on how to decide whether defendant had the requisite knowledge given any potential "innocent uses" for the pocketknife.

7

(Evid. Code, § 210), and its admission must not be unduly prejudicial, confusing, or time consuming (Evid. Code, § 352)." (*People v. Leon* (2015) 61 Cal.4th 569, 597-598.)

A trial court's ruling on the admissibility of evidence under Evidence Code sections 1101 and 352 is reviewed for abuse of discretion. (*People v. Leon, supra*, 61 Cal.4th at p. 597.) Under this standard, a trial court's ruling will not be disturbed unless the court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Foster* (2010) 50 Cal.4th 1301, 1328-1329.) It is defendant's burden to establish an abuse of discretion on appeal. (*People v. Albarran* (2007) 149 Cal.App.4th 214, 225.)

As discussed, *ante*, the prosecution had to prove that defendant knew the pocketknife could readily be used as a stabbing weapon. (See *Rubalcava, supra*, 23 Cal.4th at p. 332; CALCRIM No. 2501.) The People argue the video was properly admitted to prove defendant's knowledge of this point. We agree. Defendant's statements from January 19, 2021, show he knew that a knife, generally, could be used as a stabbing weapon. This makes it more likely defendant knew that the knife in his pocket on December 24, 2021, could be used as a stabbing weapon—a material fact in this case. Anticipating this point, defendant argues that "common knowledge" such as this should not be established with prior act evidence. But regardless how common the knowledge is, the prosecution was required to prove defendant's knowledge beyond a reasonable doubt. (See *People v. Winkler* (2020) 56 Cal.App.5th 1102, 1151 [" 'By pleading not guilty . . . defendant placed all elements of the crime in dispute' "]; cf. *People v. Hendrix* (2013) 214 Cal.App.4th 216, 245 [explaining that other crimes evidence was unnecessary to prove common knowledge where the prior acts did not even establish such knowledge].)

Defendant contends the evidence should have been excluded because the prior conduct (making threats and stalking) and the offense at issue (concealing a dirk or dagger) were insufficiently similar. But "[w]hether similarity is required to prove

knowledge[,] and the degree of similarity required[,] depends on the specific knowledge at issue and whether the prior experience tends to prove the knowledge defendant is said to have had in mind at the time of the crime." (*People v. Hendrix, supra*, 214 Cal.App.4th at p. 241.) Both the prior conduct and the present offense concern a knife, and defendant's statements on January 19, 2021, tend to prove the knowledge required to commit the present offense. This degree of similarity is sufficient given the circumstances.

Finally, defendant argues the trial court abused its discretion under Evidence Code section 352 by admitting the video. Evidence Code section 352 provides that a court may exclude evidence if its probative value is *substantially outweighed* by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. " 'Since "substantial prejudicial effect [is] inherent in [such] evidence," uncharged offenses are admissible only if they have substantial probative value.' " (*People v. Ewoldt* (1994) 7 Cal.4th 380, 404, italics omitted.) At the same time, "[t]he 'prejudice' which [Evidence Code] section 352 seeks to avoid is that which ' " 'uniquely tends to evoke an emotional bias against the defendant as an individual *and which has very little effect on the issues*.' " ' " (*People v. Cage* (2015) 62 Cal.4th 256, 275.)

There was no abuse of discretion. As discussed *ante*, the prior uncharged conduct was probative of a material fact. The prosecution presented the evidence through the brief testimony of a single witness, and only mentioned it once in summation. (See *People v. Jones* (2011) 51 Cal.4th 346, 371 [finding no abuse of discretion for admitting prior act under Evidence Code section 352 where "[t]he evidence was presented quickly, and the parties did not dwell on it"].) The trial court excluded other prior conduct concerning defendant's possession of a knife, demonstrating that the court carefully exercised its discretion in weighing any evidence's probative value against the other Evidence Code section 352 considerations. (See *ibid*.) Further, the jury was instructed

9

that the evidence could only be considered for the limited purpose of proving that "defendant knew that the dirk or dagger could readily be used as a stabbing weapon" and could not be used to draw the conclusion that defendant was predisposed to commit crimes. We presume the jury understood and followed the trial court's instruction (*People v. Sanchez* (2001) 26 Cal.4th 834, 852), which was reiterated by the prosecutor during closing argument. This mitigated the potential for prejudice and "eliminated any danger 'of confusing the issues, or of misleading the jury.' " (*People v. Lindberg* (2008) 45 Cal.4th 1, 26.)

Defendant fails to establish that the trial court " ' "exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." ' " (*People v. Foster, supra*, 50 Cal.4th at pp. 1328-1329.) We thus conclude the trial court acted within its discretion under Evidence Code section 352.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MAURO, J.

10